**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.:_____

ASHLEY SMALING, individually and
on behalf of all others similarly situated

            Plaintiff                               Removal from Circuit Court of
                                                Broward County, Florida
v.                                         Case No.: CACE-22-008672

LOANDEPOT.COM, LLC

            Defendant

_____/

### DEFENDANT LOANDEPOT.COM LLC'S NOTICE OF REMOVAL

Defendant, LOANDEPOT.COM, LLC, ("loanDepot"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and 1453 gives notice of the removal of this cause of action from the Seventeenth Judicial Circuit, Broward County, Florida to this Honorable Court, and, as grounds therefore, states as follows:

### INTRODUCTION

1.      On June 14, 2022, Plaintiff Ashley Smaling ("Plaintiff"), individually and on behalf of all others similarly situated, filed a Complaint and commenced a civil action against loanDepot in the Seventeenth Judicial Circuit, Broward County, Florida, captioned *Ashley Smaling v. LoanDepot.com, LLC*, Case No. CACE-22-008672, (the "State Court Action").

2.      Plaintiff's Complaint asserts claims against loanDepot for alleged violations of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. *See* Complaint at ¶¶ 65-76. A copy of the Complaint is attached as Exhibit A.

1

3.      loanDepot was served on July 1, 2022. A copy of the summons and state court docket are attached as Exhibit B.

4.      loanDepot filed a Notice of Appearance as Counsel on July 22, 2022. A copy of the Notice of Appearance is attached as Exhibit C.

5.      loanDepot is the only named defendant in the Complaint.

## TIMELINESS OF NOTICE OF REMOVAL

6.      The timing of this Notice of Removal is proper under, under 28 U.S.C. § 1446(b)(l), because it is filed within thirty (30) days of loanDepot's receipt of the Complaint on July 1, 2022.

## SUMMARY OF PLAINTIFF'S ALLEGATION AND GROUNDS FOR REMOVAL

7.      This Court has original subject matter jurisdiction over this action pursuant to: (I) the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1441(b).

8.      On behalf of herself and members of the putative class, Plaintiff seeks (1) up to $1,500 for each violation of Fla. Stat. § 501.059(10)(a);[1] (2) up to $1,500 for each violation of Fla. Stat. § 501.059(10)(b);[2] (3) $500 for each violation of Fla. Stat. § 501.616(6)(b);[3] (4) an additional $1,500 per violation in punitive damages pursuant to Fla. Stat. § 501.625; (5) attorneys' fees and costs;[4] (6) declaratory and injunctive relief;[5] and (7) such further relief as the Court deems just and equitable.[6]

9.      Plaintiff individually seeks at least $5,000 in statutory and punitive damages under the FTSA per violation arising from each of the approximately twenty calls to her cellular telephone number. Compl. at ¶ 20.

---

[1] *See* Compl. at p. 19, ¶ 3(b).
[2] *Id.* at ¶ 3(c).
[3] *Id.* at p. 20, ¶ 3(d).
[4] *Id.* at ¶ 3(e).
[5] *Id.* at ¶ 3(f).
[6] *Id.* at ¶ 3(g).

10.     loanDepot denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. However, for purposes of meeting the jurisdictional requirements for removal *only*, loanDepot submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA.

## I.     THIS COURT HAS JURISDICTION UNDER CAFA.

11.     This Court has original subject matter jurisdiction under CAFA where: (a) the putative class includes no less than 100 individuals; (b) at least one member of the plaintiff class is a citizen of a different state than loanDepot; and (c) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1441(b). "CAFA 'broadens diversity jurisdiction by establishing lower threshold requirements for certain class actions.'" *Day v. Sarasota Doctors Hosp., Inc.*, No. 8:19-CV-1522- T-33TGW, 2020 WL 5758003, at *2 (M.D. Fla. Sept. 28, 2020) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1193 (11th Cir. 2007)).

12.     CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely Florida Rule of Civil Procedure 1.220, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(l)(B); *see also* Compl. at ¶¶ 55-64.

A.     **There Is Minimal Diversity Of Citizenship Under CAFA Between The Parties In This Action Because loanDepot Is A Citizen Of A Different State Than Plaintiff.**

13.     The minimum diversity of citizenship criterion under CAFA is met if a plaintiff

or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14.     For purposes of assessing minimal diversity under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

15.     Plaintiff alleges that she is, and all times relevant to the Complaint was, a "resident of Broward County, Florida." *See* Compl. at ¶ 3.

16.     At the time Plaintiff commenced this class action, and at all times since, loanDepot was and is organized under the laws of the State of Delaware and has its principal place of business in the State of California. *See* Compl. at ¶ 4. loanDepot is thus a citizen of states other than Florida for purposes of CAFA.

17.     Accordingly, for purposes of diversity jurisdiction under CAFA at least one member of the plaintiff class is a citizen of a different state than loanDepot. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     The Putative Class Consists Of At Least 100 Members.**

18.     Plaintiff estimates the class size being "in the several thousands, if not more." Compl. at ¶ 57.

19.     Accordingly, while loanDepot denies that class treatment is permissible or appropriate, the scope of the proposed class consists of more than 100 members.

**C.     The Amount In Controversy Requirement Is Satisfied.**

20.     Without admitting the veracity of Plaintiff's allegations or the propriety of class treatment in this Action, a reasonable and commonsense reading of the Complaint shows that

the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

21.     Plaintiffs seeks at least $5,000 in statutory and punitive damages for each unlawful call or text sent to a class member, together with the other relief identified *supra* at ¶¶ 8-9. *See* Compl. at ¶¶ 55-76.

22.     Even if the class were only 1,000 members, rather than the "several thousands" estimated by Plaintiff, and each class member only received one call or text (unlike Plaintiff who alleges to have received approximately twenty), based upon the number of calls and texts for which at least $5,000 in statutory and punitive damages is sought, the amount in controversy exceeds $5 million.

23.     Moreover, the above calculation only addresses statutory and punitive damages. Plaintiff and the class seek attorneys' fees and costs along with the value of the claim for injunctive relief, all of which cause the amount in controversy to further exceed $5 million. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (aggregating value of injunctive and declaratory relief to class for CAFA amount-in-controversy purposes); *Fritsch v. Swift Trans. Co. of Arizona*, 899 F.3d 785, 794 ("We conclude . . . that a court must include future attorneys' fees recoverable by statute . . . when assessing whether the amount-in-controversy requirement is met."); *Greene v. Harley-Davidson*, 965 F.3d 767, 772-73 (9th Cir. 2020) (reversing district court's decision remanding case, finding the amount in controversy exceeded $5 million under CAFA when punitive damages and attorneys' fees were included); *see also Porter v MetroPCS Comm. Inc.*, 592 Fed. Appx. 780 (11th Cir. 2014) (acknowledging attorneys' fees, costs, and punitive damages are included in the CAFA amount in controversy calculation).

**D.       No CAFA Exceptions Apply**.

24.       Although loanDepot denies that it bears the burden to show that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(3)-(5), and (9) are inapplicable, none applies. *See Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 (11th Cir. 2006) ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception.").

**THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

25.       Based on these facts and allegations, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

26.       Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

27.       The United States District Court for the Southern District of Florida is the appropriate venue for removal because the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (where the Complaint was originally filed) is within the jurisdiction of the Southern District of Florida. *See* 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

28.       In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon loanDepot are attached to this Notice of Removal.

29.       Pursuant to 28 U.S.C. §§ 1446(d) and 1453 prompt written notice of this Notice of Removal will be sent to Plaintiff and the Clerk of Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida contemporaneously with its filing in this Court.

30.       loanDepot reserves the right to amend or supplement this Notice of Removal.

31.       This Notice of Removal is filed subject to and without waiver of any rights

loanDepot may have with respect to the Complaint.

WHEREFORE, loanDepot.com, LLC respectfully removes this Action to this Court.

Dated: July 26, 2022

Respectfully Submitted,

*/s/ Joseph A. Apatov*

Joseph A. Apatov, Esq.
Florida Bar No. 93546
MCGLINCHEY STAFFORD
1 East Broward Boulevard, Suite 1400
Fort Lauderdale, Florida, 33301
Telephone: (954) 356-2516
Facsimile: (954) 252-3808
Primary E-Mail:
japatov@mcglinchey.com
Secondary E-Mails:
rwalters@mcglinchey.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on July 26, 2022, a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, causing a copy to be served on counsel for all parties of record. Additionally, a copy of the foregoing document has been served on the following counsel via email transmission:

Jeremy Dover, Esq.
Demesmin and Dover, PLLC
1650 SE 17th Street, Suite 100
Fort Lauderdale, Florida 33316
jdover@attorneysoftheinjured.com
*Counsel for Plaintiff*

/s/ *Joseph A. Apatov*

Joseph A. Apatov, Esq.

7